Mr. Douglas R. Murdock, Chairman Florida Board of Building Codes 
Standards Department of Community Affairs 2740 Centerview Drive Tallahassee, Florida 32399-2100
Dear Mr. Murdock:
You have asked for my opinion on substantially the following question:
Does Dade County or any other charter county have the authority to deviate from the State Minimum Building Codes prescribed in section 553.73, Florida Statutes, by adopting regulations that are less stringent or equal to those set forth in the State Minimum Building Codes?
In sum:
Dade County and other charter counties have the authority to adopt more stringent regulations than those set forth in the State Minimum Building Codes as authorized by section 553.73, Florida Statutes. Regulations adopted by a charter county that are not more stringent than those set forth in the codes are invalid.
Article VIII, section 11, of the Constitution of 1885 authorized the creation of a metropolitan government for Dade County and granted to the electors of that county the power to adopt a home rule charter. Pursuant to this authority, the voters of Dade County adopted a home rule charter for the metropolitan govern-ment of the county.
The authority granted under the enabling sections of the constitutional provision is limited by subsections (5) and (6) of section 11:
(5) [T]he home rule charter provided for herein shall not conflict with any provision of this Constitution nor of any applicable general laws now applying to Dade County and any other one or more counties of the State of Florida except as expressly authorized in this section nor shall any ordinance enacted in pursuance to said home rule charter conflict with this Constitution or any such applicable general law except as expressly authorized herein . . . . (6) Nothing in this section shall be construed to limit or restrict the power of the Legislature to enact general laws which shall relate to Dade County and any other one or more counties of the state of Florida or to any municipality in Dade County and any other one or more municipalities of the State of Florida relating to county or municipal affairs and all such general laws shall apply to Dade County and to all municipalities therein to the same extent as if this section had not been adopted and such general laws shall supersede any part or portion of the home rule charter provided for herein in conflict therewith and shall supersede any provision of any . . . charter of any municipality in Dade County in conflict therewith.
Moreover, subsection (9) of section 11 declares it to be the intent of the Legislature and the electors of this state that:
The provisions of this Constitution and general laws which shall relate to Dade County . . . shall be the supreme law in Dade County, Florida, except as expressly provided herein and this section shall be strictly construed to maintain such supremacy of this Constitution and of the Legislature in the enactment of general laws pursuant to this Constitution.
Thus, the provisions of Dade County's charter and the ordinances adopted pursuant thereto must be in accordance with general law unless there is express constitutional authorization otherwise. Dade County's charter does not address the issue of building codes and standards. Thus, Dade County would be subject to the provisions of general law in this regard to the same extent as other home rule charter counties in Florida.[1]
Section 553.73, Florida Statutes, requires that by October 1, 1984, all local governments must adopt a building code covering all types of construction. The statute creates the State Minimum Building Codes[2] and requires that each local government adopt one or more of these codes to govern the construction, erection, alteration, repair, or demolition of buildings for which the local government has building construction regulation responsibility.[3]
The statute also recognizes that local governments and state agencies with building construction regulation responsibilities may provide for more stringent requirements than those specified in the state minimum building codes, provided that the local government satisfies a number of statutory requirements. The governing body must conduct an advertised public hearing to determine "that there is a need to strengthen the requirements of the State Minimum Building Codes adopted by such governing body."[4] (e.s.) A determination must be made "that local conditions justify more stringent requirements than those specified in the State Minimum Building Codes for the protection of life and property."(e.s.) Thus, the statute authorizes counties to make changes to the locally adopted building codes in those situations where more stringent regulations are found to be necessary.[5]
Section 1(g), Article VIII, Florida Constitution, provides that:
Counties operating under county charters shall have all powers of local self-government not inconsistent with general law. . . . The governing body of a county operating under a charter may enact county ordinances not inconsistent with general law.[6]
In Jordan Chapel Freewill Baptist Church v. Dade County,[7] the court discussed whether a Dade County ordinance conflicted with state law. According to the court:
Legislative provisions are inconsistent if, in order to comply with one provision, a violation of the other is required. . . . [T]he sole test of conflict for purposes of preemption is the impossibility of co-existence of the two laws. Courts are therefore concerned with whether compliance with a County ordinance requires a violation of a state statute or renders compliance with a state statute impossible. (emphasis in original)[8]
The language of section 553.73, Florida Statutes, clearly recognizes the authority of local governments to regulate in this area, thus, legislation relating to building codes is not preempted to the State. However, local enactment of regulations that are not more stringent than those in the State Minimum Building Codes would be inconsistent with the provisions of section 553.73.[9]
Thus, it is my opinion that Dade County and other charter counties have the authority to adopt more stringent regulations than those set forth in the State Minimum Building Codes as authorized by section 553.73, Florida Statutes. Regulations adopted by a charter county that are not more stringent than those set forth in the codes would be invalid.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] And see, Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556, 561 (Fla. 1980), in which the court held that while s. 11, Art. VIII, State Const. 1885, authorizes the Dade County Home Rule Charter, the section also mandates that general laws enacted subsequent to adoption of the charter shall apply to Dade County and to all municipalities therein to the same extent as if the section had not been adopted; the Court thus concluded that "it is the general law which supersedes the Home Rule Charter."
[2] The State Minimum Building Codes consist of the following nationally recognized model codes:
(a) Standard Building Codes, 1988 edition, pertaining to building, plumbing, mechanical, and gas, and excluding fire prevention; (b) EPCOT Code, 1982 edition; (c) One and Two Family Dwelling Code, 1986 edition; and (d) The South Florida Building Code, 1988 edition.
See, s. 553.73(2)(a)-(d), Florida Statutes.
[3] And see, s. 553.73(7), Fla. Stat. (1995), which provides that: "The specific model code of the State Minimum Building Codes adopted by a municipality, county, or state agency shall regulate every type of building or structure, wherever it might be situated in the code enforcement jurisdiction. . . ."
[4] Section 553.73(4)(a), Florida Statutes.
[5] Cf., s. 553.73(4)(c), Fla. Stat. (1995) ("[p]aragraphs (a) and (b) apply to the enforcing agency's adoption of more stringent requirements. . . ."; and s. 553.73(5), Fla. Stat. (1995) ("[a]ll code requirements in effect in any code enforcement jurisdiction on January 1, 1978, which are not inferior to the requirements of any model code specified in subsection [2] are presumed to meet the conditions of subsection [4].") (e.s.)
[6] See, Ops. Att'y Gen. Fla. 90-1 (1990), 86-62 (1986), 81-7 (1981), and 79-109 (1979), which discuss the authority of charter counties to enact ordinances not inconsistent with general law.
[7] 334 So.2d 661 (Fla. 3d DCA 1976).
[8] Id. at 664.
[9] See, Broward County v. Fort Lauderdale Christian School,366 So.2d 1264 (Fla. 4th DCA 1979) (since school cafeterias were exempted from certain state licensing requirements, state had not preempted field of legislation in that area; therefore, county ordinance requiring school to obtain permit to operate food service establishment was not inconsistent with general law). Cf., Speer v. Olson, 367 So.2d 207 (Fla. 1978), dealing with the issues of preemption and conflict as they relate to noncharter county legislation.